UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Douglas J. Raymond,**

    **Plaintiff,**

**-V-**                                              **Case No. 2:05-cv-1157**
                                                     **JUDGE SMITH**
**Thomas J. Moyer, et al.,**                   **Magistrate Judge King**

    **Defendants.**

**OPINION AND ORDER**

Plaintiff, an attorney admitted to the practice of law in the States of Colorado, Michigan, and Missouri, seeks declaratory and injunctive relief under 42 U.S.C. § 1983, asserting that defendants violated his constitutional rights by refusing to admit him to the Ohio bar without examination. Defendants move to dismiss based, *inter alia,* upon Eleventh Amendment immunity and the doctrine of judicial immunity. For the reasons that follow, the Court grants defendants' motion to dismiss.

**I. Facts**

For purposes of ruling on defendants' motion to dismiss, the Court accepts as true the well-pleaded factual allegations set forth in the complaint.

Plaintiff is an individual citizen of the State of Colorado. Defendants are the Justices of the Supreme Court of Ohio. Plaintiff sues them in their individual and official capacities.

Plaintiff practices law in Colorado. He was admitted to the Colorado bar after passing

1

the bar examination in 1981.  Plaintiff was admitted to the State of Michigan bar upon motion and without examination in 1990.  He was also admitted to the State of Missouri bar upon motion and without examination in 1991.

Plaintiff has appeared *pro hac vice* in State of Ohio courts on numerous occasions.  Plaintiff maintains that in the course of his representation of clients in Ohio, he has frequently spoken about alleged illegal actions of economically and politically powerful interests in the State of Ohio.

On October 1, 2004, plaintiff applied for admission to the practice of law in Ohio without examination pursuant to Rule 1, § 9 of the Supreme Court Rules for the Government of the Bar of Ohio.  Plaintiff alleges that he met all of the requirements for being admitted to the bar without examination.  On May 25, 2005, plaintiff's application for admission to the practice of law without examination in the State of Ohio was denied.  On September 13, 2005, plaintiff filed a motion for clarification and/or reconsideration of his application for admission to the practice of law in Ohio.  On November 8, 2005, his motion was denied.  Plaintiff filed this action on December 27, 2005.  He seeks declaratory and injunctive relief ordering defendants to admit him to the bar of Ohio without examination.

**II. Motion to Dismiss**

A motion to dismiss for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant.

Schuer v. Rhodes, 416 U.S. 232, 236 (1974). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).

The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 857, 858 (6th Cir. 1976). Rule 12(b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. Id.

On the other hand, more than bare assertions of legal conclusions is required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id. (emphasis in original, quotes omitted).

> [w]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Id.

### III. Discussion

3

Defendants assert several grounds for dismissal.  The Court finds that only two merit discussion: Eleventh Amendment immunity and common law judicial immunity.

### A.  Eleventh Amendment Immunity

Defendants argue that plaintiff's claims are barred under the Eleventh Amendment. Plaintiff maintains that because his claims are for prospective injunctive relief against individual state officials, Eleventh Amendment immunity does not apply.

The Eleventh Amendment to the U.S. Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  In recognition of "the broader concept of immunity, implicit in the Constitution," the U.S. Supreme Court has extended the Eleventh Amendment's meaning to preclude suits in federal court against a state by its own citizens.  Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997); see also Hans v. Louisiana, 134 U.S. 1 (1890). The Eleventh Amendment not only protects states from suit in federal court but may also shield state officials with immunity.  Lee v. W. Reserve Psychiatric Habilitation Ctr., 747 F.2d 1062, 1065 (6th Cir. 1984).

Nonetheless, a suit that claims that a state official's actions violate the U.S. Constitution or federal law is not deemed a suit against the state, and is therefore not barred by sovereign immunity, so long as the state official is the named defendant and the relief sought is only equitable and prospective.  Ex parte Young, 209 U.S. 123, 160-62 (1908); Westside Mothers v. Haveman, 289 F.3d 852, 860 (6th Cir.), cert. denied, 537 U.S. 1045 (2002).  Hence, "'[s]ince Ex

parte Young, . . . it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law.'" Westside Mothers, 289 F.3d at 860-61 (quoting Hafer v. Melo, 502 U.S. 21, 30 (1991)).  The Ex parte Young doctrine "gives life to the Supremacy Clause."  Green v. Mansour, 474 U.S. 64, 68 (1985). "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law."  Id.

Here, plaintiff asserts a federal constitutional claim, seeking only prospective declaratory and injunctive relief against individual state officers.  Under Ex Parte Young, the Eleventh Amendment does not bar such an action.  The Court therefore declines to dismiss plaintiff's claim on the basis of Eleventh Amendment immunity.

### B.  Judicial Immunity

Defendants also contend that the doctrine of absolute judicial immunity shields them from plaintiff's claims.[1]  Plaintiff argues that the U.S. Supreme Court has held that judicial immunity is not a bar to prospective injunctive relief against a judicial officer.  See Pulliam v. Allen, 466 U.S. 522, 541-42 (1984).

In Pulliam, a State of Virginia magistrate routinely imposed bail on persons arrested for nonjailable offenses, and then incarcerated those who could not meet the bail.  Two individuals who had been subjected to this practice brought a suit in federal district court for prospective injunctive relief against the magistrate under 42 U.S.C. § 1983, arguing that the practice was

---

[1] Decisions concerning attorney admissions are judicial acts for purposes of judicial immunity.  See Sparks v. Character and Fitness Committee of Kentucky, 859 F.2d 428 (6th Cir.1988), cert. denied, 489 U.S. 1011 (1989)(actions taken by State Supreme Court, and Committee on Character and Fitness in denying application for admission to state bar were judicial acts);

5

unconstitutional. The district court agreed and enjoined the practice, and also awarded attorney's fees under 42 U.S.C. 1988. The magistrate appealed the award of attorney's fees, arguing that it was barred under the doctrine of judicial immunity. The Fourth Circuit Court of Appeals affirmed.

The U.S. Supreme Court affirmed the Fourth Circuit's decision. The Court determined that to decide whether judicial immunity bars an award of fees under § 1988, the Court first had to examine "whether a judicial officer acting in her judicial capacity should be immune from prospective injunctive relief." Pulliam, 466 U.S. at 528.

After extensively reviewing British common law, the Court concluded that prospective relief is not barred by the rule of judicial immunity. Id. at 536. The availability of prospective relief against a judicial officer is, however, is subject to two requirements. Id. at 537. First, the plaintiff must demonstrate that there is no adequate remedy at law. Id. Second, the plaintiff must show a "serious risk of irreparable harm." Id.

Plaintiff purports to assert a claim under the First Amendment. Violation of First Amendment rights constitutes irreparable harm. Connection Distribution Co., 154 F.3d 281, 288 (6th Cir. 1998). In his complaint, plaintiff alleges:

> In the course of his legal representation of individuals who were unable to effectively voice their own grievances, Plaintiff . . . frequently has spoken out on matters of great public concern in the State of Ohio and elsewhere regarding the wrongful and illegal actions of economically and politically powerful interests in the State of Ohio and elsewhere.

Complaint, ¶ 34. Nothing in the complaint supports an inference that there was a nexus between plaintiff's speech and the denial of his application for admission to the bar without examination. For example, nothing in the complaint suggests that any of his speech was directed against the

6

Ohio Supreme Court or any of its Justices.  Even applying the liberal standard of Rule 8(a), plaintiff fails to plead an actionable First Amendment claim.  In light of this, plaintiff is not entitled to the presumption of irreparable harm resulting from the violation of his First Amendment right to free speech.

The only other conceivable harm plaintiff may suffer as a result of the denial of his application is that he will have to take the bar examination.  Although taking a bar examination may not be pleasant or easy, the Court finds as a matter of law that it does not constitute irreparable harm.

The Court concludes that plaintiff has failed to plead or argue the existence of facts giving rise to an inference of a serious risk of irreparable harm.[2]  As a result, under Pulliam, defendants are entitled to judicial immunity despite the fact that plaintiff seeks only prospective declaratory and injunctive relief.  Defendants are therefore entitled to dismissal of plaintiff's claims.

### IV.  Disposition

Based on the above, the Court **GRANTS** defendants' motion to dismiss (Doc. 5).

The Clerk shall enter final judgment in favor of defendants, and against plaintiff, dismissing this action in its entirety with prejudice.

The Clerk shall remove this case from the Court's pending cases and motions lists.

The Clerk shall remove Doc. 5 from the Court's pending motions list.

**IT IS SO ORDERED.**

---

[2] Irreparable harm may be examined in ruling on a motion to dismiss.  See Newsome v. Merz, 17 Fed. Appx. 343, 345 (6th Cir. 2001).

/s/ George C. Smith
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**